# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

CR25-00147 CRB

UNITED STATES OF AMERICA,

V.

NATHAN WU-FALKENBORG,

DEFENDANT(S).

**FILED**

Jun 04 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## INDICTMENT

18 U.S.C. § 1344(1), (2) – Bank Fraud;
18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft;
18 U.S.C. § 982(a)(2) – Criminal Forfeiture

A true bill.

/s/ Foreperson of the Grand Jury
                                                    Foreman

Filed in open court this  3rd   day of

 June 2025 .

                    Rose Maher
                                                    Clerk
[signature]

Bail, $ Summons

Hon. Thomas S. Hixson, U.S. Magistrate Judge

```
FILED
Jun 04 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO
```

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NATHAN WU-FALKENBORG, <br><br> Defendant. | CASE NO. CR25-00147 CRB <br><br> VIOLATIONS: <br> 18 U.S.C. § 1344(1), (2) – Bank Fraud; <br> 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; <br> 18 U.S.C. § 982(a)(2) – Criminal Forfeiture <br><br> SAN FRANCISCO VENUE |

<u>I N D I C T M E N T</u>

The Grand Jury charges:

<u>Introductory Allegations</u>

At all times relevant to this Indictment, unless otherwise indicated:

1.    Defendant NATHAN WU-FALKENBORG was a resident of Alameda, California, in the Northern District of California.

2.    The Decision Group Inc., a/k/a Decision Group LLC ("Decision Group"), was a California corporation with a registered address of 1700 Van Ness Avenue, #1233, San Francisco, California 94109. WU-FALKENBORG was the sole officer of the Decision Group, which WU-FALKENBORG incorporated on or about September 29, 2021.

3.    Comerica Bank was a financial institution, as that term is defined in Title 18, United

1   States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance
2   Corporation ("FDIC"), certificate number 983.
3       4.   U.S. Bank National Association ("U.S. Bank") was a financial institution, as that term is
4   defined in Title 18, United States Code, Section 20, the deposits of which were insured by the FDIC,
5   certificate number 6548.
6       5.   Bank of America, National Association was a financial institution, as that term is defined
7   in Title 18, United States Code, Section 20, the deposits of which were insured by the FDIC, certificate
8   number 3510.
9       6.   Bank of the West was a financial institution, as that term is defined in Title 18, United
10  States Code, Section 20, the deposits of which were insured by the FDIC, certificate number 26627.
11      7.   Company 1 was a technology company that provided services to facilitate the
12  administration of payment programs, including certain prepaid debit card programs. WU-
13  FALKENBORG worked for Company 1 beginning on or about April 27, 2020, until on or about
14  February 4, 2022. WU-FALKENBORG's job responsibilities at Company 1 included fraud prevention
15  and management. After resigning his position at Company 1, WU-FALKENBORG continued to work
16  with Company 1 as a consultant pursuant to an agreement executed between Company 1 and the
17  Decision Group.
18      8.   Victim 1 maintained a Direct Express account at Comerica Bank, with an account
19  number ending with -9640 and associated with a card reference number ("CRN") ending with -8317.
20      9.   Victim 2 maintained a Direct Express account at Comerica Bank, with an account
21  number ending with -8961 and associated with a CRN ending with -6528.
22      10.  Victim 3 maintained a Direct Express account at Comerica Bank. In connection with that
23  account, Company 1 maintained personally identifiable information for Victim 3, including Victim 3's
24  name and address.
25      11.  Direct Express was a program sponsored by the United States Treasury Department
26  through which federal benefits, such as Supplemental Security Income ("SSI"), were deposited to a
27  prepaid debit card account for participating beneficiaries. The prepaid Direct Express cards could be
28  used to make purchases, both in stores and online, or to obtain cash directly via ATM withdrawals.

INDICTMENT                                    2

12. Direct Express debit cards were issued by Comerica Bank, which served as the United States Treasury Department's financial agent for the program.

13. Comerica Bank contracted with Company 1 to administer the Direct Express debit cards. As the card administrator, Company 1 possessed confidential account information for Direct Express cardholders. WU-FALKENBORG had access to that confidential account information by virtue of his role at Company 1.

COUNTS ONE THROUGH TWELVE:              (18 U.S.C. § 1344(1), (2) – Bank Fraud)

14. Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated as if fully set forth herein.

15. Beginning on a date unknown, but no later than September 2021, and continuing through a date unknown, but no earlier than March 2022, in the Northern District of California and elsewhere,

NATHAN WU-FALKENBORG

knowingly and with intent to defraud, devised, executed and attempted to execute a scheme and artifice to defraud a financial institution as to material matters, and to obtain money, funds, assets, and other property owned by and under the custody and control of financial institutions by means of material false and fraudulent pretenses, representations, promises, and by concealment of material facts. In sum and substance, NATHAN WU-FALKENBORG used his access as an employee at Company 1 to obtain Direct Express account information that he then used to fraudulently withdraw approximately $800,000 from the accounts by way of several hundred ATM and online transactions.

The Scheme and Artifice to Defraud

16. As part of the scheme to defraud, WU-FALKENBORG used his access to confidential Direct Express account information at Company 1 to identify Direct Express accounts that had been funded but that had not had the associated debit card activated. WU-FALKENBORG abused his access to Direct Express account information to activate, and cause to be activated, the Direct Express debit cards associated with these accounts (the "Targeted Accounts") without the accountholder's knowledge or authorization.

17. In order to conceal his scheme from discovery, WU-FALKENBORG activated numerous debit cards associated with the Targeted Accounts by using a cellular phone account he opened in the

name of Victim 3 without authorization, whose personally identifiable information WU-FALKENBORG accessed at Company 1 for the unauthorized purpose of executing his scheme to defraud.

18. As further part of the scheme to defraud, WU-FALKENBORG changed account information, such as the associated mailing address, for certain Targeted Accounts without the accountholder's knowledge or authorization. WU-FALKENBORG then caused Company 1 to reissue the debit cards associated with these Targeted Accounts, which were mailed to addresses at several commercial mail receiving agencies located in Texas, Georgia, New Jersey, and Florida and then forwarded on to WU-FALKENBORG in San Francisco by way of the Decision Group.

19. In order to conceal the fact that the reissued debit cards for the Targeted Accounts would be sent to him, WU-FALKENBORG used Victim 3's personally identifiable information without authorization to open the commercial mail receiving agency accounts in Texas, Georgia, New Jersey, and Florida.

20. After receiving the reissued debit cards for certain Targeted Accounts, WU-FALKENBORG fraudulently withdrew approximately $700,000 from the accounts by way of several hundred ATM transactions that took place in or around February and March of 2022 in the San Francisco Bay Area.

21. As further part of the scheme to defraud, between in or around December 2021 and March 2022, WU-FALKENBORG used the debit cards associated with certain Targeted Accounts to conduct approximately $100,000 in unauthorized card-not-present transactions with online merchant accounts WU-FALKENBORG controlled.

22. In order to conceal his scheme from discovery, WU-FALKENBORG used Victim 3's personally identifiable information without authorization to open the online merchant accounts used to conduct the card-not-present transactions.

Execution of the Scheme

23. On or about the dates set forth in the separate counts below, in the Northern District of California, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant,

INDICTMENT                                     4

NATHAN WU-FALKENBORG

conducted the following financial transactions in San Leandro, California, using Direct Express debit cards associated with Victim 1 and Victim 2:

| Count | Approximate Date | Description of Act | Direct Express Account Holder and Last Four Digits of Associated Comerica Account |
|---|---|---|---|
| 1 | 2/22/2022 | One ATM withdrawal of $2,000 from U.S. Bank | Victim 1 (-9640) |
| 2 | 2/23/2022 | One ATM withdrawal of $2,000 from U.S. Bank | Victim 1 (-9640) |
| 3 | 2/23/2022 | One ATM withdrawal of $1,900 from U.S. Bank | Victim 1 (-9640) |
| 4 | 2/25/2022 | One ATM withdrawal of $2,000 from U.S. Bank | Victim 1 (-9640) |
| 5 | 2/25/2022 | One ATM withdrawal of $1,900 from U.S. Bank | Victim 1 (-9640) |
| 6 | 3/1/2022 | One ATM withdrawal of $2,500 from U.S. Bank | Victim 1 (-9640) |
| 7 | 3/2/2022 | One ATM withdrawal of $2,900 from U.S. Bank | Victim 1 (-9640) |
| 8 | 2/23/2022 | One ATM withdrawal of $1,000 from Bank of America | Victim 2 (-8961) |
| 9 | 2/25/2022 | One ATM withdrawal of $1,000 from Bank of America | Victim 2 (-8961) |
| 10 | 2/25/2022 | One ATM withdrawal of $1,500 from Bank of the West | Victim 2 (-8961) |
| 11 | 2/25/2022 | One ATM withdrawal of $1,500 from Bank of the West | Victim 2 (-8961) |
| 12 | 2/25/2022 | One ATM withdrawal of $950 from Bank of the West | Victim 2 (-8961) |

Each in violation of Title 18, United States Code, Sections 1344(1) and (2).

COUNT THIRTEEN:    (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

24.    Paragraphs 1 through 23 of this Indictment are re-alleged and incorporated as if fully set forth herein.

25.    Beginning on or about February 11, 2022, and continuing until no earlier than on or about March 8, 2022, in the Northern District of California, the defendant,

NATHAN WU-FALKENBORG

did knowingly possess and use, without lawful authority, the means of identification of another person,

INDICTMENT                                                                 5

namely, the Direct Express debit card account number and PIN of the real individual Victim 1, during and in relation to a felony violation of Title 18, United States Code, Section 1344(1), (2), as described in Counts One through Seven of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT FOURTEEN:		(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

26.	Paragraphs 1 through 23 of this Indictment are re-alleged and incorporated as if fully set forth herein.

27.	Beginning on or about February 11, 2022, and continuing until no earlier than on or about March 1, 2022, in the Northern District of California, the defendant,

NATHAN WU-FALKENBORG

did knowingly possess and use, without lawful authority, the means of identification of another person, namely, the Direct Express debit card account number and PIN of the real individual Victim 2, during and in relation to a felony violation of Title 18, United States Code, Section 1344(1), (2), as described in Counts Eight through Twelve of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT FIFTEEN:		(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

28.	Paragraphs 1 through 23 of this Indictment are re-alleged and incorporated as if fully set forth herein.

29.	Beginning on a date unknown, but no later than December 2021, and continuing through a date unknown, but no earlier than January 2022, in the Northern District of California and elsewhere, the defendant,

NATHAN WU-FALKENBORG

did knowingly possess and use, without lawful authority, the means of identification of another person, namely, the name of the real individual Victim 3, during and in relation to a felony violation of Title 18, United States Code, Section 1344(1), (2), as described in Counts One through Eight of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION:	(18 U.S.C. § 982 – Criminal Forfeiture)

30.	The allegations contained in this Indictment are re-alleged and incorporated by reference

for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982.

31. Upon conviction for any of the violations alleged in Counts One through Twelve of this Indictment, the defendant,

NATHAN WU-FALKENBORG

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as the result of those violations, including but not limited to a forfeiture money judgment.

32. If any of the aforementioned property, as a result of any act or omission of the defendant:
    a. cannot be located upon exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United State Code, Section 982.

All pursuant to Title 18, United States Code, Section 982, Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: June 3, 2025                                A TRUE BILL.

                                                                             /S/
                                                            FOREPERSON

CRAIG H. MISSAKIAN
United States Attorney


   /S/
JARED S. BUSZIN
CHARLES BISESTO
Assistant United States Attorneys

INDICTMENT                                       7